248 So.2d 385 (1971)
Succession of Mrs. Alice BONING, Widow of Joseph P. HENICAN.
No. 4311.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1971.
Rehearing Denied June 7, 1971.
*386 Sehrt, Boyle, Wheeler & Butler, Peter Butler, Steeg & Shushan, Moise S. Steeg, Jr., New Orleans, for National American Bank of New Orleans, intervenor as creditor, plaintiff-appellant.
Joseph V. Bologna, Henican, James & Cleveland, New Orleans, for C. Ellis Henican, defendant-appellee.
Murray F. Cleveland, Carl W. Cleveland, New Orleans, for C. Ellis Henican, Jr., Testamentary Executor, appellee.
Before REGAN, CHASEZ and GULOTTA, JJ.
CHASEZ, Judge.
On August 12, 1968 Mrs. Alice Boning Henican departed this life, leaving an olographic testament. During the term of her marriage with her husband, Joseph P. Henican, the testator gave birth to two sons who are by virtue of law her forced heirs. One son, Joseph, Jr., predeceased his mother while the other son, C. Ellis Henican, is still alive, although not mentioned in the will of the deceased. Rather the testator bypassed C. Ellis Henican entirely in favor of his five children, her grandchildren. Pursuant to the terms of her will, one half of the property of the deceased was bequeathed to the children of Mrs. Henican's son, Joseph, Jr. The other one half was bequeathed to the children of her other son, C. Ellis Henican.
C. Ellis Henican is not contesting any portion of his mother's will. Although the testament deprives him of his forced portion, i. e., one quarter of his deceased mother's estate, he is making no attempt to have his reserved portion recognized. To the contrary, it is the National American Bank, hereinafter referred to as the Bank, that has so petitioned the court.
The Bank has alleged that it is the creditor of C. Ellis Henican and that its rights as a creditor are being prejudiced "by an obvious attempt to avoid the payment to C. Ellis Henican of the legitime due to him in said succession" and "by [the] failure of said C. Ellis Henican to assert his claim to the legitime due to him with reference to said succession." The Bank therefore prays that it be authorized as a creditor of C. Ellis Henican to accept the succession of Mrs. Alice Boning Henican in the name of her son and forced heir, C. Ellis Henican, and that it be placed in possession of the legitime due C. Ellis Henican to the extent of his indebtedness.
Exceptions of no cause of action and/or no right of action were filed by C. Ellis Henican and C. Ellis Henican, Jr. executor of the estate of Mrs. Alice Boning Henican. The exceptions were maintained by the lower court and the suit of the National American Bank was dismissed at its costs. From this adverse judgment the Bank has appealed to this court.
The question thus squarely presented for our determination is whether or not a creditor of a forced heir may exercise the right of the forced heir to reduce a legacy which infringes on the forced portion of the debtor. We are of the opinion that the creditor has no such right.
*387 LSA-C.C. art. 1504 enunciates the right of reduction and provides as follows:
"On the death of the donor or testator, the reduction of the donation, whether inter vivos or mortis causa, can be sued for only by forced heirs, or by their heirs or assigns; neither the donees, legatees, nor creditors of the deceased can require that reduction nor avail themselves of it." (Emphasis added)
As may be seen from the literal terms of the article the right to compel a reduction does not extend to the creditor of the forced heir. Furthermore, the Supreme Court has refused to interpret the article so as to bring creditors of the forced heir within its terms and scope.
In Tompkins v. Prentice, 12 La.Ann. 465 (1857), one Joseph Prentice died testate, survived by his mother and father, one brother and one sister. In his will, Joseph Prentice conveyed his entire estate to his mother, brother and sister to the complete exclusion of his father. Moreover, the father of the deceased executed a notarial act of renunciation of any interest which he might have had in his son's succession. The creditors of the father and forced heir of the deceased instituted suit to set aside the renunciation on the ground that it was in defraud of their rights and to have their debtor's share of the succession determined and pro rated among them to satisfy the indebtedness. In that case the court specifically held that the wording of codal article 1504 did not create a right in the creditor of the forced heir to assert the action to reduce a legacy. The court concluded that the term "assign" used in the article did not include creditors but only "those to whom rights have been transferred by particular title: such as sale, donation, legacy, transfer or cession." LSA-C.C. art. 3556.
The result of the Tompkins case is further substantiated by the wording of LSA-C.C. art. 1991 which provides:
"There are rights of the debtor, however, which the creditor [creditors] can not exercise, even should he refuse to avail himself of them.
"They can not require the separation of property between husband and wife; nor can they oblige their debtor to accept a donation inter vivos made to him, nor can they accept it in his stead. Neither can they call on a coheir of the debtor to collate, when such debtor has not exercised that right."
The rights of the debtor enumerated in paragraph two of the above quoted article are illustrative in nature rather than exclusive. Therefore when Article 1991 is read in pari materia with Article 1504, the result is to recognize the right to reduce a legacy as right, personal in nature, which may not be exercised by a creditor of the forced heir-debtor. In fact, the right to bring an action for reduction is closely analogous to the right to call on a coheir to collate which article 1991 treats as a right personal to the debtor. Moreover, LSA-C.C. art. 1991 must be considered as a modification of the terms of LSA-C.C. art. 1990, which provides as follows:
"In case the debtor refuse or neglect to accept an inheritance to the prejudice of his creditors, they may accept the same, and exercise all his rights in the manner provided for in the title of successions, and they are authorized, by virtue of the action given by this section, to exercise all the rights existing in favor of the debtor for recovering possession of the property to which he is entitled, in order to make the same available to the payment of their debts."
When the two articles are read in conjunction, it is apparent that a creditor may exercise all rights of the debtor to obtain possession of property to which the debtor is entitled, except those rights which are personal to the debtor. The right to bring an action to reduce a legacy like the right to force a co-heir to collate is a personal *388 right which a creditor may not assert. As was stated in the Tompkins case:
"Possibly the law-giver may have preferred to give effect to the wishes of the testator and allow his estate to take the direction he had indicated, rather than subject it to the seizure of creditors of an heir who did not feel himself aggrieved by the universal legacy to another."
After a careful review of the jurisprudence of the state, we find that the Tompkins case has not been modified by subsequent legislation or jurisprudence and that the principle of law enunciated therein is dispositive of the case at bar. This court is aware of the fact that under the French Code Napoleon the result of this matter would be different  that a creditor would have the right to assert the action to reduce a legacy if his debtor refused to do so. However, the law of the state of Louisiana on this matter differs from the French. As was stated in Cox v. Von Ahlefeldt, 105 La. 543, 30 So. 175 (1900):
"[The legislature] framed the law by which we are governed in language which expressly authorizes the bringing of the action to reduce the donations of the testator within the disposable quantum `by forced heirs, or by their heirs or assigns.' Rev.Civ.Code, art. 1504. And in this respect the Civil Code differs also from the Code Napoleon, which authorizes the bringing of such action by the forced heirs, or `par leurs heritiers ou ayants cause'; the term `ayants cause' including creditors, a class not necessarily included in the term `assigns.' Code Nap. art. 921; Fuzier-Hermann, vol. 11, p. 526, No. 11; Rev. Civ.Code, art. 3556, verbo `Assigns'; Tompkins v. Prentice, 12 La.Ann. 465. We have no authority, then, to exclude collateral heirs from the right here claimed because they were excluded by the Spanish law, nor to include creditors because they are included under the French law."
Accordingly, unless and until the legislature sees fit to make the appropriate changes, the creditor of a forced heir has no right to assert the right of reduction of a legacy absent a specific assignment from the debtor.
For the foregoing reasons the judgment of the lower court is affirmed. Costs of this proceedings to be borne by plaintiff-appellant.
Affirmed.