489 So.2d 1029 (1986)
SUCCESSION OF Anita Vincent HURD.
No. 85 CA 0322.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
Leslie E. Ledoux, II, Covington, for defendants/appelleesGayle H. Swords and Royanne H. Blossman.
D. Michael Dendy, New Orleans, for appellantRobert L. Marrero, Roy Hurd.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
*1030 WATKINS, Judge.
Anita Vincent Hurd died intestate on May 26, 1981, and was survived by three children, Roy Edward Hurd, Jr., Gayle Hurd Swords, and Royanne Hurd Blossman. Her succession was opened in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana, and remains open with no judgment of possession having been rendered.
Roy Edward Hurd, Jr., filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on March 12, 1982. Subsequently, on July 7, 1983, that proceeding was converted to a liquidation under Chapter 7 of Title 11 of the Bankruptcy Code. Robert L. Marrero was appointed trustee in bankruptcy.
On October 17, 1984, Robert L. Marrero, as Trustee in Bankruptcy of Roy Edward Hurd, Jr., filed a petition against the two sisters of Roy Edward Hurd, Jr., viz. Gayle Hurd Swords and Royanne Hurd Blossman, seeking collation of all gifts made by Anita Vincent Hurd to Mr. Hurd's two sisters, alleging that certain purported sales to them from their mother were donations in disguise.
To this petition for collation, Gayle Hurd Swords and Royanne Hurd Blossman filed an exception of no right of action contending that the right to demand collation is limited to forced heirs in the descending line under La.C.C. art. 1235. The trial court sustained the exception of no right of action. We reverse and remand.
La.C.C. art. 1235 reads as follows:
The obligation of collating is confined to children or descendants succeeding to their fathers and mothers or other ascendants, whether ab intestato or by virtue of a testament.
Therefore this collation can not be demanded by any other heir, nor even by the legatees or creditors of the succession to which the collation is due.
Thus, the right to demand collation may not be exercised by creditors of the succession. It was held by analogy in Succession of Henican, 248 So.2d 385 (La.App. 4th Cir.1971), writ refused, 259 La. 756, 252 So.2d 454 (1971), that the creditors of a forced heir could not demand reduction to the forced portion; the right to demand collation or reduction being personal to the forced heir. See also, Yiannopoulos, Vol. 2, Civil Law Treatise, Property, West 2d Ed. § 128, Note 107. It should be noted that the present La.C.C. art. 2044 provides that an obligee of a debtor who is insolvent may exercise a right of the debtor by the oblique action unless the right is strictly personal to the debtor.
It is thus clear that a creditor of a bankrupt cannot demand collation from the bankrupt's co-forced heirs, as that right is personal to the bankrupt debtor. But the question we must now answer is may a trustee in bankruptcy demand collation from the co-forced heirs of the bankrupt?
Under Section 541(a)(1) of the Bankruptcy Code[1] all legal or equitable interests of the bankrupt form part of the bankruptcy *1031 estate. Collier on Bankruptcy, Vol. 4, § 541.09 interprets the quoted section of the Bankruptcy Code to include as property of the bankruptcy estate property rights that are personal to the debtor, regardless of whether or not they would be transferable or whether or not the creditor could levy upon those property rights. Although the trustee in bankruptcy has all the rights of a judgment lien creditor as was held in Angeles Real Estate Co. v. Kerxton, 737 F.2d 416 (4th Cir.1984), his rights, as Angeles indicates, are somewhat broader than the rights enjoyed by a judgment lien creditor. A trustee in bankruptcy, as the cited section of Collier indicates, may collect as part of the bankruptcy estate, property which the creditors of the bankrupt could not levy upon because they are personal to the bankrupt.
The Bankruptcy Code was obviously formulated with the common law in mind under which collation is unknown (although a device somewhat similar, "putting in hotchpot", is found). We are constrained under the Supremacy Clause of the United States Constitution (Article VI) to apply laws enacted thereunder as the Supreme Law of the Land. Although the Bankruptcy Code, which the United States Constitution empowered Congress to enact under Article I, Section 8, was enacted without mention (or probably specific consideration) of the civilian concept of collation, we must conclude by virtue of 11 U.S.C. § 541(a)(1) that the trustee in bankruptcy of a forced heir has the right to demand collation from the co-forced heirs, any state policy in the Louisiana Civil Code or Louisiana jurisprudence to the contrary notwithstanding.
Accordingly, the judgment of the trial court is reversed, and the case remanded for further proceedings, with all costs to await final disposition of the matter.
REVERSED AND REMANDED.
NOTES
[1] Section 541 of the Bankruptcy Code (11 U.S.C. § 541) reads as follows:

Property of the estate
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is
(A) under the sole, equal, or joint management and control of the debtor; or
(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse to the extent that such interest is so liable.
(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.
(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.
(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date
(A) by bequest, devise, or inheritance;
(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
(C) as a beneficiary of a life insurance policy or of a death benefit plan.
(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.
(7) Any interest in property that the estate acquires after the commencement of the case.
(b) Property of the estate does not include
(1) any power that the debtor may exercise solely for the benefit of an entity other than the debtor; or
(2) any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case.
(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankrupcy law
(A) that restricts or conditions transfer of such interest by the debtor, or
(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.
(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title. (d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.